UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ISAI JARA GONZALES,

    *Plaintiff*,

v.

GRUBHUB HOLDINGS, INC.,
    *Defendant*.

Civil Action No. 23-cv-1650 (RDM)

## MEMORANDUM OPINION

This matter is before the Court on Defendant GrubHub Holdings, Inc.'s ("GrubHub's") Motion to Compel Arbitration and Dismiss Plaintiff's Complaint. Dkt. 7. "A motion to compel arbitration is decided on a summary judgment standard." *Dist. No. 1, Pac. Coast Dist., Marine Engineers' Beneficial Ass'n, AFL-CIO v. Liberty Mar. Corp.*, 998 F.3d 449, 456 (D.C. Cir. 2021) (citing *Aliron Int'l, Inc. v. Cherokee Nation Indus., Inc.*, 531 F.3d 863, 865 (D.C. Cir. 2008); Fed. R. Civ. P. 56(c)). Although the underlying merits of the case are in dispute, the facts relevant to the pending motion to compel arbitration are uncontroverted.

Plaintiff, Isai Jara Gonzales, commenced this action in D.C. Superior Court, alleging that GrubHub failed to pay him minimum and overtime wages and other benefits to which he was entitled and seeking "compensation from GrubHub of $1,200,000." Dkt. 1-3 at 9. GrubHub, in turn, removed the action to this Court pursuant to 28 U.S.C. §§ 1332 & 1441(a).[1] Shortly thereafter, GrubHub filed the pending Motion to Compel Arbitration and to Dismiss Plaintiff's

---

[1] Although the complaint does not specify whether Plaintiff's claims are premised on federal or state hours wage laws, it is possible (and perhaps likely, given Plaintiff's reference to the minimum wage requirement as applied in D.C., Maryland, and Virginia, Dkt. 1-3 at 9) that the removal was also proper on the basis of federal-question jurisdiction, 28 U.S.C. § 1331.

Complaint, Dkt. 7.  The Court directed Plaintiff to respond to that motion, and Plaintiff filed a one-paragraph opposition on August 21, 2023, Dkt. 13.  That opposition, however, says nothing about the arbitrability of the parties' dispute but, rather, merely repeats Plaintiff's allegation that GrubHub fails to pay drivers for "their full eight-hour shifts," does not "pay overtime," and does not provide required benefits.  *Id.*

GrubHub's motion is supported by the declaration of David Grinstead, the company's Senior Manager for Logistics.  Dkt. 7-2.  According to Grinstead's uncontroverted declaration, Plaintiff—like other GrubHub drivers—"entered into the operative [Delivery Partner Agreement ("DPA")] on January 1, 2018.  *Id.* at 3 (Grinstead Decl. ¶ 8).  That agreement, which GrubHub has also filed in support of its motion, bears Plaintiff's signature and includes a comprehensive arbitration clause.  Dkt. 11-1.  In relevant part, the parties agreed as follows:

> To the fullest extent permitted by law, the Parties mutually agree to resolve any and all disputes between or among them exclusively through final and binding arbitration before the American Arbitration Association ("AAA"), rather than in court or before any administrative or regulatory body.  This agreement to arbitrate ("Arbitration Provision") will extend to any dispute involving [the parties].  This Arbitration Provision is governed by the Federal Arbitration Act (9 U.S.C. §§ 1-16) and will apply to any and all claims including but not limited to those arising out of relating to this Agreement . . . . **Except with respect to the enforceability, revocability or validity of the Class Action Waiver, only an arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Arbitration Provision**.

Dkt. 11-1 at 11 (emphasis in original).

In responding to GrubHub's motion, Plaintiff fails to dispute any of the facts on which the motion is premised.  He does not dispute that he voluntarily entered into the DPA and that he assented to the Arbitration Provision.  Nor does he maintain that either the DPA or the Arbitration Provision is invalid or unenforceable.  And, finally, he does not dispute that his wage and benefit claims fall within the broad coverage of the Arbitration Provision.

The Court, accordingly, concludes that the undisputed evidence establishes that Plaintiff voluntarily entered into a valid and enforceable agreement to arbitrate the present dispute.  Under settled principles of contract law and the plain terms of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3, 4, he is bound by that decision.  As the Supreme Court has explained, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).  The Court will, accordingly, grant GrubHub's motion to compel arbitration.

That leaves the question whether the Court should also dismiss the action—or whether, instead, it should stay the action pending arbitration.  "There is presently a circuit split on the question whether, when a motion to compel arbitration is granted, the case should be stayed pending the resolution of arbitration or rather dismissed in favor of arbitration."  *Sakyi v. Estée Lauder Companies, Inc.*, 308 F. Supp. 3d 366, 387 & n.9 (D.D.C. 2018); *L. Firm of LarJack, PLLC v. Citibank, N.A.*, No. CV 21-1592, 2021 WL 4192030, at *6 (D.D.C. Sept. 15, 2021).  Although Section 3 of the FAA provides that courts "shall on application of one of the parties stay the trial of the action until such arbitration has been had," 9 U.S.C. § 3, the circuits are split on "whether § 3 mandates a stay or if it permits a court to dismiss a lawsuit when all of the claims before it are subject to an arbitration agreement," *L. Firm of LarJack*, PLLC, 2021 WL 4192030, at *6 (emphasis omitted).[2]  "The weight of authority is with the pro-dismissal camp,"

---

[2] 9 U.S.C. § 3 provides in full:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the

*id.* (collecting cases), particularly if neither party requests a stay, *cf. Bissonnette v. LePage Bakeries Park St., LLC*, 49 F.4th 655, 658 (2d Cir. 2022); *see also Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 942 (6th Cir. 2021) (suggesting that, even in a pro-stay circuit, an exception might exist where "neither party asks for a stay").  Here, GrubHub has moved to dismiss, and neither party asks the Court to stay the case pending arbitration.  Absent such a request or any indication that Plaintiff is likely to seek relief from the Court after the arbitration is completed, the Court sees no basis to stay the action and will, accordingly, dismiss the complaint without prejudice.

## CONCLUSION

For the reasons explained above, the Court will **GRANT** GrubHub's Motion to Compel Arbitration and to Dismiss Plaintiff's Complaint, Dkt. 7; will **COMPEL** the parties to submit their dispute to arbitration, as required in the DPA; and will **DISMISS** the complaint without prejudice.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  September 14, 2023

---

action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.